Good morning, Your Honors. May it please the Court, my name is Victoria Clark and I represent Resurrection Bay Conservation Alliance and Alaska Community Action on Toxics, the appellant's plaintiffs in this case. This is the second time this case has been before this Court. The first time, the Court ordered the District Court to apply the Piggy Park Special Circumstances test adopted in St. John's Organic Farm. The District Court failed to do that and committed legal and factual error. Resurrection Bay Conservation Alliance sued the City for unpermitted stormwater discharges associated with industrial activities at two sites where boat repair activities occur. We gave the City more than 60 days notice that it was violating the Clean Water Act. The City failed to obtain a permit, forcing RBCA to sue and enforce the Clean Water Act. RBCA asked for 1. A declaration that the City's unpermitted discharges violated the Clean Water Act. 2. An injunction requiring the City to obtain a permit and prevent illegal discharges. 3. An assessment of civil penalties, if applicable, and attorney's fees. The District Court ruled that the City's unpermitted discharges violated the Clean Water Act and required the City to apply for a Clean Water Act permit and assessed a $1.00 civil penalty. Counsel, if we were to agree with you on the question of fees, that the Court did not properly apply the Special Circumstances Rule, what would be the proper remedy? Since this case keeps going back and forth and back and forth, if we were to agree with you, is there an amount that is undisputed as a reasonable fee, if fees are awardable? Well, Judge Graber, at the District Court level, when we asked for attorney's fees, we provided all of the detail for the Lodestar, the hours, the rates, and the time that we spent on the case, and the costs. And below, at the District Court level, the City failed to put forth any evidence to dispute that. So I guess what I'm thinking, again, this doesn't necessarily mean that we will agree with you, but if we do, we have to know what to do next. Would it be appropriate for this Court simply to award an amount of fees on the ground that the Lodestar was not disputed as being reasonable? I think that you should do that, mainly because if the Court finds that the District Court heard in awarding or determining the Special Circumstances applied, then there should be a fee award. And the evidence is before you to say that that fee award should be the amount, because it's undisputed, and because Does the District Court have any discretion once it determines that some kind of fees are to be awarded? Yes, he has tremendous discretion. Okay, well, if he has tremendous discretion, then could we decide that on this record, or do we need to remand this back to the District Court saying, we don't think there's Special Circumstances, you have to make the determination on fees? But in this case, Your Honor, I think we know what the District Court judge is going to say. He said it twice. We don't get fees. I don't think that the bases that he's provided Well, we do assume that the District Courts, like other parties, will follow our mandates. Right, so if the Ninth Circuit is going to remand to the District Court, I would hope that this Court would give a lot of guidance as to how to apply his discretion in this case. In this case, we prevailed on both of the claims that we raised. It was only on remand that the District Court decided to say that the second site didn't require a permit after getting information from EPA. But ultimately, we prevailed on that in the first instance because EPA had never provided that information, and the City did not meet its burden under summary judgment to show that, by evidence, that that site shouldn't have a permit. So the Court decided that the RBCA prevailed in this case, and as such, to not award attorneys' fees is very disfavored in the Ninth Circuit. And in order to find that there are special circumstances, it's an extremely rare case, and there's a two-part test that should be applied in the Ninth Circuit, that we failed to uphold what's required under the Clean Water Act and that the equities would disfavor an award. And that didn't happen in this case. In the Ninth Circuit, there's the CEPI case, which is cited in the briefs, where the District Court had found that there were three special circumstances. And in that case, they said that it would be an undeserved windfall, that the case didn't prevail against all of the defendants, and that there was a money damage from the jury. The Ninth Circuit said, this Court said, and for all of those, that was not special circumstances. And on the ground in this case, the City is no longer illegally discharging industrial stormwater. It has a permit. The boats that are brought to the industrial site, where they are scrubbed and power washed, the water and paint chips fall to the ground, they're picked up by rainfall and snow melts, the boat hull paint contains cupric oxide and or tributyltin, which are extremely toxic to aquatic life because that keeps them from adhering to the hull of the boat. Boat maintenance activities also result in the spills of paint, oil, oil and grease and fuel, which are picked up by rainfall and snow melt as well. And as a result of the lawsuit, the City is now required to implement a stormwater pollution prevention plan that has best management practices to prevent the pollutants from entering the surrounding creeks and Resurrection Bay. That achieves the goal of the Clean Water Act, to require permits to control the discharges of pollutants and clean up our nation's waters. So in this case, I'd like to reserve a couple minutes here for rebuttal, but the court should not remand this case again. The litigation regarding attorney's fees should not be protracted, yet over half of this litigation has been devoted to attorney's fees with two appeals to this court. Instead, we think that you should find that no special circumstances apply in this case and award the full fees that have been requested because the City did not meet its burden in refuting them and because the District Court has abused its discretion. Thank you. You have quite a bit of time left for rebuttal if you choose to use it, and we'll hear next from the City. May it please the Court, my name is Cheryl Brooking. I'm the City Attorney for the City of Seward, Alaska. We are asking you to affirm the District Court's decision in this case. The sole issue before you is whether RBCA has shown clear error in the District Court's factual findings and therefore shown that there's an abuse of discretion in the decision that each side is to bear its own fees and costs. It's not a typical abuse of discretion case, though, because the District Court has to, under our case law, find special circumstances, and we have held that a fee award is the rule. So why isn't that a legal question as to whether the reasons given are sufficient to demonstrate special circumstances? The Supreme Court has provided specific guidance in determining when a fee award to plaintiffs is appropriate in both Hensley and Farrar. One of the factors they look at is, according to Farrar, the most critical factor is the degree of success obtained on the merits of the case. The special circumstances were specifically found in this case. There's a whole list of factors, along with the two-part test. In the Court's first decision, in record page 59, the Court addresses the purposes of the Clean Water Act. In that context, it was denying the $76 million of civil penalties that were requested. The Supreme Court guidance provides a series of guidance here. The District Court's decision is entitled to deference, and the appellant has to show that there's an abuse of discretion. But the fee award is essentially a factual matter. I'm sorry. Well, under St. John's Organic Farm, this Court held that it was the Piggy Park standard that should apply here, correct? Piggy Park was the case, yes, that first found that special circumstances are sufficient to deny an award to plaintiffs. And this Court says that applies under the Clean Water Act? That was what St. John's has held, yes. So why do you think it's a typical abuse of discretion case? I don't think it's a typical case. The narrow question is the special circumstances and whether the Court abused the discretion or whether clear error has been shown in the list of special circumstances listed by the Court to support the discretionary decision that a fee award is not appropriate in this case. If we were to disagree with you, what do you think is the right bottom line in terms of the remedy to be applied? If you were to disagree that an appropriate award is no fee award at all? Right. That's the question. I know you don't concede that, but I want you to help us out. In case we were to disagree with you, what remedy would be appropriate? I think this Court really has no choice but to remand it then to determine what portion of fees would be appropriate if this Court finds that there has to be an award of fees in spite of Farrar. Then the Court's going to have to look at the degree of success on the merits and whether the fee award is only to cover the portion of the case where the plaintiff prevailed. In this case, it was a nominal award. But Farrar itself involved a nominal award. The Supreme Court said that attorney's fees were owed in that case. No. The Supreme Court in Farrar said the appropriate fee award where there's only nominal or technical relief, that the appropriate fee award is no award at all. And this Court, the district court in our case, relied on Farrar in finding that it is appropriate in this case because there is a nominal award. The appropriate fee is no fee at all. I'm curious as to why the money was nominal, but the result was a considerable result in terms of actually cleaning up the water. So how do we assess the non-monetary part of this case? Well, let's talk about what was alleged in this case. In paragraph 29 of the complaint, there was a list of specific pollutants that were in the water. At oral argument, and that's page 251 on summary judgment, at that point plaintiff's only allegation of a discharge was storm water, water, rain. They acknowledged that they had no evidence of cupric oxide, of TBT, of metals, of oil and grease. There was no evidence that there were any pollutants other than rain and snow going into Resurrection Bay. They also acknowledged that. But is that required in order to require the city to get a permit that there be pollutants? The purpose of the Clean Water Act is to eliminate pollution into waters of the United States. Doesn't the statute say if storm water is sent through an industrial activity that a permit is required? That's correct. Without any reference in that part of the statute to the storm water being polluted? That's correct. And the district court so concluded that in this case, as to one of the places, a permit was required, and it ordered that it be obtained. Yes, the district court did, and the city is now covered by a permit at the boat storage site, and the city was found to be an operator of the site because it plows the snow, it allows boats to park there, and it keeps the ditches alongside the road flowing. Now, there's nothing that changed in terms of the city's activities. The city still doesn't work on boats. The city allows people to store their boats there, and if they comply with the city's upland boat work policy, then they can work on their boats. There was nothing that they were asked to change, and, in fact, the court clarified that at oral argument that was there anything that the judge, Record 259, the judge was asking what the city was being asked to do differently, and counsel for RBCA says that they can implement best management practices. The court says, but you're not really saying that they're doing anything wrong in that regard, are you? They've got rules and regulations out there. Counsel for RBCA says that's really irrelevant. The city didn't change anything that it was doing. There was never any discharge of pollutants. The city was deemed to be an operator of an industrial facility because it allows people to park at that site. Now, had these been brought in two separate cases, the city would have clearly been the prevailing party on the small boat harbor side because the city was ultimately deemed not to be an operator of an industrial facility at all in that site. Now, the court also found in its list of special circumstances... You have not, however, cross-appealed the conclusion that opposing side was the prevailing party. That's correct because... That's for the prevailing party. That's the premise from which we start the discussion. So what might have been in some other lawsuit, I don't know where that takes us. St. John says that to be a prevailing party, all you have to win is not much of anything. To be a prevailing plaintiff, to be a prevailing defendant, from what I understand in reading the case law, the defendant has to prevail in everything. Now, the city did avoid... They asked for injunctive relief to clean up Resurrection Bay. The city proved that there were no contaminants to be cleaned up, so they did not get that injunctive relief. They also asked that the city stop the discharging. And again, in oral argument, the court asked, do you really want me to stop the rain from falling? Because when we got to oral argument, the only discharge was water. So the city... The relief is there. The city now has a permit for the Upland Boat Storage site, but the district court has said that it is a nominal technical relief, and under the Supreme Court decision in Farrar, under those circumstances, an appropriate award is no award at all. Have the parties explored mediation through our mediation unit? Everybody is spending lots and lots more attorney fees talking about attorney fees. Yes, Your Honor. Okay. Now, the $76 million, the... It doesn't say in the complaint that number, $76 million, but if you look at what they alleged in the complaint, and I want to point out that they never amended their complaint. By the time they got to oral argument, they had pretty much conceded that the city had won on most of their allegations. They were still asking for the maximum civil penalties, and if you add up the numbers that they set forth in their complaint, so many dollars for this day, so many dollars for this day, $76 million, and they definitely wanted the maximum amount to punish the city for allowing rainwater to go into Resurrection Bay. The court initially found that no civil penalty was warranted in this case. Counsel, I have one more question about sort of the state of the arguments and the state of the record. The city's main argument throughout has been no fees are owed. Did the city also argue that the Lodestar was unreasonable if fees were owed? In other words, wrong rate was applied or something like that? The city did, at the district court, disagree with what the plaintiffs have put forth as the Lodestar calculations. But most importantly, what we're saying is that there's no need to calculate the Lodestar when there's no fee award. So if there's going to be some sort of a calculation, then I do feel it would be appropriate to remand for that calculation. The district court has not made that determination other than to say the appropriate fee is no award. Thank you, Counsel. I see my time is up. Can you summarize quickly? We did use a bit of your time. You may summarize quickly. Okay. If I could quickly, though, a sentence or two would be great. I just want to say that we are appealing to your common sense in this matter. And, again, with the Lodestar, there's no need to calculate fees when no fees are awarded. The pattern of plaintiff's behavior through this whole case has been to just barely clear the minimum hurdles, first to get standing to allege harm. They had no proof of that harm. The district court correctly found that an award of fees in this case would be unjust. And we ask you to apply the rule in Farrar that where relief is nominal or technical, the appropriate award is no award at all. Thank you, Counsel. Ms. Clark, you have quite a bit of time remaining if you would like to. Thank you, Judge Graber. What the city is doing here is what they've been doing a lot in this case, which is trying to get back to the merits of the case. And as you noted, Judge Graber, we are the prevailing parties in this case. RBCA is the prevailing party. The judge acknowledged it. It's been conceded. So what has happened as far as the merits are concerned, it doesn't matter at this point. And I gave you the litany of things that have changed on the ground. The city just seems to want to misunderstand that this case is about industrial stormwater. The Clean Water Act was amended to account for stormwater at specific sites because it's more of a diffuse kind of discharge. And so what it is looking at is the rain falls on the ground. It picks up contaminants as it goes. These are things you're probably not going to see, metals, those kinds of things that are at a sort of atomic level that the naked eye can't see. So what the stormwater requirements are under the Clean Water Act are to develop the stormwater pollution prevention plan, to put best management practices in place so that you can contain the contaminants that would get into the waterways. And that's what happened in this case. We achieved all of the relief that we sought that was necessary to prevail in this case. And the $76 million, frankly, I've never calculated that number. We allege what's allowed under the regulations for purposes of what you could award as a civil penalty. When a violation is found, the district court has to award a civil penalty. In this case, he had tremendous discretion to say it's $1. And frankly, that's not a bad thing for us because there's more money to go into putting in best management practices and containing the stormwater pollutants that are getting into the waterways. So the relief here has been great. And the attorney's fees under the Clean Water Act is a private attorney general statute. It's to encourage enforcement of the Clean Water Act by citizens. And to say that this case rises to the level of special circumstances or that you can get no award basically eviscerates that enforcement mechanism that's allowed in the Clean Water Act. And the city sidesteps the issue of the amount of attorney's fees in this case. The judge has had twice to look at this issue, and the city has had twice to rebut what kinds of- Counsel said that they did disagree with the Lodestar calculation, and that differed from my understanding of your earlier comments. City has disagreed by saying we shouldn't get any fees. That's basically their position. They did not go through and say these hours are not a good-that's too much. They didn't go through and say that these rates are not applicable in the Anchorage market. They didn't go through and say that the costs are not available. The only information they put forward was to say that the affidavit that we submitted by another attorney verifying what the rates are in Anchorage isn't sufficient because he didn't say what his rate is, which in this case doesn't matter since he works in another area of the law and also has more experience than the attorneys working on this case for the plaintiffs. So that's the only real objection that's been raised, except to say that RBCA should not get any attorneys. The district court never reached the claims that were made, fee was excessive or shouldn't be awarded. It just never got to that. No, but the kinds of things- The district court just concluded that no fee should be awarded. Right, because of special circumstances. And all of the special circumstances that he's come up with are not special circumstances. So I don't see much of a different result coming if this case is remanded and we'll probably be back here again. Well, on that optimistic note, the case just argued is submitted. Thank you to both counsel for a well-argued case.
judges: Alarcon, Graber, Bybee